# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONA L. JENKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>SHIRING AGENCY,<br><br>    Defendant. | Civil Action No. 14-1375<br>Hon. Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 10th day of October, 2014, upon consideration of Plaintiff Mona L. Jenkin's <u>Pro Se</u> Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis Status of <u>Pro Se</u> Plaintiff Mona L. Jenkins ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, without prejudice.

Pursuant to 28 U.S.C. § 1915(e), the Court is under an obligation to evaluate the allegations in the Complaint prior to ordering service of same, in order to determine if the Court has subject matter jurisdiction over the case. *See* 28 U.S.C. § 1915(e); *see also Johnson v. Philadelphia Housing Authority*, 448 F. App'x 190, 192 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has recognized that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein

1

there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163, 2009 WL 1911764, 1 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

In this Court's estimation, Plaintiff's Complaint fails to establish the existence of federal jurisdiction as there is no basis for the exercise of federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332. *See id.* With respect to federal question jurisdiction, Plaintiff claims that this is a civil rights action under 42 U.S.C. § 1983 brought against Defendant Shiring Agency located at 409 Station St., Wilmerding, Pennsylvania 15148, an entity which she identifies as her landlord. (Docket Nos. 1-1, 1-2). It is apparent that Plaintiff is engaged in some type of dispute concerning her rent with Defendant Shiring Agency and is dissatisfied with decisions of the state courts in a related action she identifies as Docket No. MJ-05214LT before Hon. Richard O. Olasz, Jr. (Docket No. 1-1).

However, "to state a claim of liability under § 1983, [a plaintiff] must allege that [she] was deprived of a federal constitutional or statutory right by a state actor," *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005), and Plaintiff's Complaint fails to identify any underlying federal constitutional or statutory right which she believes was violated by Defendant Shiring Agency. *See id.* As a general matter, landlord-tenant disputes concerning rent due by the tenant and alleged wrongful withholding of security deposits by the landlord do not involve any federal rights. Additionally, Plaintiff has not adequately pled that Defendant Shiring Agency is a state actor subject to suit under § 1983. "A person may be found to be a state actor when (1) he is a

2

state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Under this test, Defendant Shiring Agency does not qualify as a state actor because: (1) it is a private company; (2) there are nothing more than conclusory and unsupported allegations that the Shiring Agency acted with any state officials; and (3) none of the alleged conduct constitutes actions chargeable to the state. (*See* Docket No. 1-1). Further, "merely resorting to the courts and being on the winning side of a lawsuit does not make [the winning] party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Therefore, Plaintiff has not demonstrated that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. *See Leshko*, 423 F.3d at 339.

The Court further finds that Plaintiff has likewise failed to show that the Court may exercise diversity jurisdiction over this case because both Plaintiff and Defendant are citizens of Pennsylvania such that the parties are not completely diverse under 28 U.S.C. § 1332. *See McCracken*, 335 F. App'x. at 162-163.

For these reasons, Plaintiff has not met her burden to establish that this Court has subject matter jurisdiction over this case. Accordingly, Plaintiff's Complaint is hereby DISMISSED, without prejudice. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

FINALLY, IT IS ORDERED that the Clerk of Court shall mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc: Mona L. Jenkins, *pro se*
456 Broadway Blvd.
Pitcairn, PA 15140 #1B
 (regular and certified mail)